

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSIE L. GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0193** |
| **NEW ORLEANS POLICE DEPARTMENT, ET AL.** | **SECTION "D"(4)** |

### REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (doc. #13)** filed by the City of New Orleans which was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**. The Court has determined that this matter can be resolved without an Evidentiary Hearing.

### I.   Factual Summary

The plaintiff, Rosie L. Green, is a sixty-seven-year-old resident of Orleans Parish who filed suit against the New Orleans Police Department ("NOPD"), the Regional Bus Authority[1] and the Housing Authority of New Orleans ("HANO"). The Court construes her complaint as attempting to state a 42 U.S.C. § 1983 claim against these public entities.

---

[1] The RTA Bus Authority was dismissed from the suit on May 6, 2005 and the Regional Transit Authority ("RTA") was substituted in it place.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

In her original complaint, Green contends that for more than twenty-five years, "these people" made money selling pornographic movies of her. She contends that she received no money from the sale of these movies, and in fact, she depends on food stamps. She states that "[w]herever I go, they follow me." She alleges that "these people" have made her life "a living hell."

Apparently in response to RTA's motion for a more definite statement, Green filed a motion stating that even though she tried "over and over to get an apartment with HANO, they find some excuse why they don't have one," and "they told her that there are a dozen people ahead of her." She further clarifies that "these people" refer to the NOPD, HANO, and the RTA and that these public authorities are making money on the sale of her pornographic movies while she lives on $600.00 a month. Presumably, she seeks monetary compensation for the actions of these public entities.

Because Green's complaint is filed *in forma pauperis*, this Court is required to conduct a review of the complaint for frivolousness. *See* 42 U.S.C. § 1915(e).

## II.     Frivolous Review

### 1.     Statutory Review- Pauper Case

Title 28 U.S.C. § 1915(e) requires the Court to sua sponte dismiss cases filed *in forma pauperis* upon a determination that the action is frivolous. *See* 42 U.S.C. § 1915(e). Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

The Court may not, sua sponte, dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. However, the Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

2

For purposes of § 1915(e), an action lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

After reviewing Green's complaint, this Court concludes that it should be dismissed because it is based on clearly baseless allegations and a meritless legal theory.

**A.   Rule 8**

Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> (a) pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Under Rule 8 notice pleading, "the complaint must allege sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bremer v. Housing Authority of New Orleans*, 98-CIV.A..98-2735, 1999 WL 298795 (E.D. La. May 12, 1999). "Some facts must be alleged that

convince the court that the plaintiff has at least a colorable claim. Conclusory allegations will not suffice." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

Generally, the requirements of federal notice pleading are liberally construed and in a situation where the plaintiff proceeds *pro se*, this Circuit demonstrates a tradition of leniency. *Gellegos v. Louisiana Code of Criminal Procedure Art. 658*, 858 F.2d 1091, 1092 (5th Cir.1988). Even when a complaint by a *pro se* litigant is somewhat sketchy, it should not be dismissed unless it appears that the plaintiff has failed to state a cognizable claim. The test is whether "within the universe of theoretically provable facts, there exists a set which can support a cause of action under this complaint indulgently read." *Covington v. Coles*, 528 F.2d 1365, 1370 (5th Cir. 1976).

Green's complaint fails to meet the liberal notice pleading standard under Rule 8. She does not allege any grounds for this Court's jurisdiction. Nor does she allege sufficient facts from which this Court could divine a claim, must less a colorable claim. Under the most lenient reading, Green's complaint is mostly nonsensical targeting of public entities and not individuals acting on behalf of these entities.

After carefully reading the complaint, the Court concludes that the factual allegations in Green's complaint rise to the level of "fanciful, fantastic, and delusional allegations" contemplated by the Supreme Court in *Denton*, and thus her claims against the NOPD, the RTA, and the HANO, should be dismissed as factually frivolous.

**B.      42 U.S.C. § 1983**

Green fails to state a § 1983 claim against the NOPD, the RTA, and the HANO, for their alleged sale of pornographic films of her having sex with various males.

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his or her federal rights. 42 U.S.C. § 1983. In order to prevail in a § 1983 action for civil damages from a government official performing discretionary functions a plaintiff must show that the official violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Thus, a Court must first determine whether the plaintiff alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation. *See Siegert v. Gilley*, 500 U.S. 226, 232-233 (1991); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 841, n. 5 (1998).

Green's complaint does not allege the existence of a violated constitutional right much less allege that the right was clearly established. Because she does not allege that these entities, or any particular representative of these entities, violated any constitutional rights, her complaint should be dismissed as legally frivolous.[2]

Summary dismissal of similarly incoherent complaints for failure to state a claim or as factually frivolous have been upheld in this Circuit. *See Windsor v. Pan American Airways*, 744 F.2d 1187 (5th Cir. 1984) (summarily dismissing case where plaintiff alleged airline crash and theft of plaintiff's copyrights and patents were result of conspiracy among Presidents Kennedy, Ford, Carter and Reagan and that the widow of Dr. Martin Luther King, Jr. was plotting to undermine the Roman Catholic Church).

---

[2]Additionally, it is well-settled that the NOPD is not a legal entity capable of being sued *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988).

Based on the foregoing, the Court recommends dismissal of all Green's claims against the NOPD, the RTA, and HANO.

V. **Recommendation**

It is therefore **RECOMMENDED** that Rosie Green's claims against the defendants, the New Orleans Police Department, the Regional Transit Authority, and the Housing Authority of New Orleans be **DISMISSED WITH PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915(e).

**IT IS FURTHER RECOMMENDED THAT** the **Motion to Dismiss (doc. #13)** filed by the City of New Orleans be **DENIED** as **MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _17th_ day of February, 2006

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE